**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                           (State)

Case number (*If known*): _____ Chapter _____

❑ Check if this is an
   amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**
   Friendly's Restaurants, LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)
   6 1 – 1 6 7 0 6 9 6

4. **Debtor's address**

   **Principal place of business**

   1855    Boston Road
   Number    Street

   Suite 300

   Wilbraham        MA    01095
   City            State   ZIP Code

   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City        State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City        State   ZIP Code

5. **Debtor's website** (URL)
   _____

| Debtor | Friendly's Restaurants, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7   2   2   5

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Friendly's Restaurants, LLC    Case number (if known)
          _____
          Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- [x] No
- [ ] Yes.  District _____  When _____  Case number _____
                                              MM / DD / YYYY
            District _____  When _____  Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- [ ] No
- [x] Yes.  Debtor  See Schedule 1 _____  Relationship  See Schedule 1 _____
            District  Delaware _____  When  11/01/2020
                                                            MM / DD / YYYY
            Case number, if known  _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- [x] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [x] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    - [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    - [ ] It needs to be physically secured or protected from the weather.

    - [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    - [ ] Other _____

    **Where is the property?** _____
                               Number        Street

                               _____

                               _____
                               City                        State ZIP Code

    **Is the property insured?**

    - [ ] No
    - [ ] Yes. Insurance agency  _____

        Contact name  _____

        Phone  _____

---

**Statistical and administrative information**

---

Debtor  Friendly's Restaurants, LLC
        _____          Case number (if known)_____
        Name

| | |
|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11 / 01 / 2020
             MM / DD / YYYY

✗ _____          T. Todd Schwendenmann
   Signature of authorized representative of debtor          Printed name

Title Chief Financial Officer, Treasurer and Secretary

Debtor    Friendly's Restaurants, LLC
_____
Name

Case number (if known)_____

18. **Signature of attorney**

✖ /s/ Matthew P. Ward
_____
Signature of attorney for debtor

Date    11/01/2020
_____
MM    / DD  / YYYY

Matthew P. Ward
_____
Printed name

Womble Bond Dickinson (US) LLP
_____
Firm name

1313 North Market Street, Suite 1200
_____
Number        Street

Wilmington
_____
City

DE        19801
State        ZIP Code

(302) 252-4338
_____
Contact phone

matthew.ward@wbd-us.com
_____
Email address

4471
_____
Bar number

DE
_____
State

**Schedule 1 to Voluntary Petition**

**PENDING BANKRUPTCY CASES FILED BY AFFILIATES OF THE DEBTOR**

On November 1, 2020, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  A motion will be filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number |
|---|---|
| FIC Restaurants, Inc. | 46-3931388 |
| FIC Holdings, LLC | 36-4840204 |
| Neapolitan Group Holdings, LLC | 35-2477922 |
| Friendly's Restaurants, LLC | 61-1670696 |
| Friendly's Franchising, LLC | 32-0364364 |

**FRIENDLY'S RESTAURANTS, LLC**

**WRITTEN CONSENT OF THE MANAGING MEMBER**

**November 1, 2020**

THE UNDERSIGNED, being the managing member (the "Managing Member") of Friendly's Restaurants, LLC, a Delaware limited liability company (the "Company"), in accordance with the authority contained in the Delaware Limited Liability Company Act (the "Act") and the Limited Liability Company Agreement of the Company (the "Operating Agreement") as in effect on the date hereof, does hereby consent in writing that the following resolutions shall have the same force and effect as if duly adopted at a meeting of the Managing Member, duly noticed, called and held in accordance with the Act and the Operating Agreement.

WHEREAS, the Managing Member, acting pursuant to the laws of the State of Delaware, has considered the financial and operational aspects of the Company's business;

WHEREAS, the Managing Member has reviewed the historical performance of the Company, the market for the Company's business, and the current and long-term liabilities of the Company;

WHEREAS, the Managing Member has, over the last several months, reviewed the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company;

WHEREAS, the Managing Member has analyzed each of the financial and strategic alternatives available to it, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders;

WHEREAS, the Company has negotiated that certain Asset Purchase Agreement, substantially in the form presented to the Managing Member (the "Purchase Agreement"), to be entered into by and among the Company, Neapolitan Group Holdings, LLC, a Delaware limited liability company ("Neapolitan"), FIC Restaurants, Inc., a Massachusetts corporation ("FIC Restaurants"), Friendly's Franchising, LLC, a Delaware limited liability company ("Friendly's Franchising"), FIC Holdings, LLC, a Delaware limited liability company ("FIC Holdings," and together with the Company, Neapolitan, FIC Restaurants, and Friendly's Franchising, "Sellers"), Amici Partners Group, LLC, a Delaware limited liability company (together with its permitted successors, designees and assigns, "Buyer"), and, solely for the purposes of Section 9.23 thereof, Neapolitan, as representative of the Sellers, pursuant to which Sellers shall sell, transfer and assign to Buyer, pursuant to Sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), certain assets and liabilities of the Sellers (the "Transaction");

WHEREAS, in connection with the Purchase Agreement, each of the Sellers will file a voluntary petition for relief (the "Chapter 11 Case," and collectively, the "Chapter 11 Cases") under Chapter 11 of the Bankruptcy Code (the "Filing");

WHEREAS, in connection with the Chapter 11 Cases, Sellers shall file a motion (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), requesting the entry of an order, substantially in the form presented to the Managing Member (the "Sale Order"), approving the sale procedures relief requested in the Sale Motion, substantially in the form presented to the Managing Member (the "Sale Procedures Order"), and authorizing Sellers to consummate the Transaction upon the terms and conditions therein and pursuant to the Purchase Agreement;

WHEREAS, in connection with the Chapter 11 Cases, Sellers shall also file a joint Chapter 11 plan of liquidation (the "Plan") that, subject to the Plan becoming effective, contemplates effectuating the Transaction as part of the confirmation of the Plan, receiving additional loan funding that will be forgiven as a substantial contribution under the Plan from Sellers' secured lender and affiliate, Sun Ice Cream Finance II, LP, to fund the obligations under the Plan, effectuating the release of other secured and unsecured claims by certain affiliates of Sellers, and providing payment in full to all other holders of allowed claims against Sellers;

WHEREAS, the Managing Member has had an opportunity to review the proposed terms of the Purchase Agreement, the schedules and exhibits attached thereto, and other information regarding the Purchase Agreement, the Transaction, and other matters, documents, certificates and agreements contemplated therein (collectively, the "Related Transactions"); and

WHEREAS, the Managing Member has had the opportunity to review the Plan, the proposed order confirming the Plan, the Sale Motion, the proposed Sale Order, the Sale Procedures Order, (collectively, the "Bankruptcy Documents"), the schedules and exhibits attached thereto, and other information regarding the Bankruptcy Documents, the transactions contemplated thereby, and the other matters, documents, certificates and agreements contemplated therein and to effectuate the Filing (collectively, the "Bankruptcy Transactions").

**A. Voluntary Petition under Chapter 11 of the Bankruptcy Code**

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Managing Member, it is desirable and in the best interests of the Company, its creditors, employees, stockholders and other interested parties that a petition be filed by the Company seeking relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

FURTHER RESOLVED, that in the judgment of the Managing Member, it is desirable and in the best interests of the Company and all other parties in interest to affirm the previous appointment of Marc L. Pfefferle as Chief Restructuring Officer ("CRO") of the Company and to ratify and approve all actions taken previously by him in that capacity;

FURTHER RESOLVED, that the CRO and any officers of the Company (collectively, the "Authorized Officers") are authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officers deem necessary, desirable and proper in connection with the Company's commencement and prosecution of the Chapter 11 Case, with a view to the successful resolution of such case and consummation of the Transaction and the Related Transactions;

FURTHER RESOLVED, the Company be, and it hereby is, authorized and directed to perform its obligations under the Chapter 11 Cases and to take all actions in accordance therewith necessary to consummate the Filing;

FURTHER RESOLVED, the Managing Member hereby determines that the Bankruptcy Documents and the Bankruptcy Transactions are advisable and in the best interests of the Company;

FURTHER RESOLVED, that the forms, terms and provisions of the Bankruptcy Documents and the schedules and exhibits attached thereto are, and each hereby is, approved with such changes and modifications thereto as may be deemed necessary or appropriate by the Authorized Officers, as conclusively evidenced by such officer's execution and delivery thereof;

FURTHER RESOLVED, the Company be, and it hereby is, authorized, empowered and directed to perform its obligations under the Bankruptcy Documents and to take all actions in accordance therewith necessary to consummate the Bankruptcy Transactions.

**B. Retention of Professionals**

FURTHER RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Womble Bond Dickinson (US) LLP ("Womble") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Womble;

FURTHER RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Duff & Phelps Securities, LLC ("Duff & Phelps") as the Company's mergers and acquisitions advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of  Duff & Phelps;

FURTHER RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Carl Marks Advisory Group LLC ("Carl Marks") as financial consultants and advisors assisting the CRO in exercising his responsibilities with respect to the Company, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of  Carl Marks;

FURTHER RESOLVED, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Donlin, Recano & Company, Inc. ("Donlin"), as the Company's claims, noticing, solicitation agent and administrative advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the Filing, and to cause to be filed an appropriate application for authority to retain the services of Donlin;

FURTHER RESOLVED, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the Filing and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**C. Approval of Asset Purchase Agreement and Sale**

FURTHER RESOLVED, the Managing Member hereby determines that the Purchase Agreement, the Transaction and the Related Transactions are advisable and in the best interests of the Company;

FURTHER RESOLVED, that the form, terms and provisions of the Purchase Agreement and the schedules and exhibits attached thereto are, and each hereby is, approved with such changes and

modifications thereto as may be deemed necessary or appropriate by the Authorized Officers, as conclusively evidenced by such officer's execution and delivery thereof;

FURTHER RESOLVED, the Company be, and it hereby is, authorized, empowered and directed to perform its obligations under the Purchase Agreement and to take all actions in accordance therewith necessary to consummate the Transaction and the Related Transactions.

**D. General Authority**

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to the develop, file and prosecute to confirmation of the Plan and related disclosure statement;

FURTHER RESOLVED, that all such other acts or things which would cause the transactions contemplated by these resolutions to be consummated and performed be, and hereby are, authorized, approved and adopted;

FURTHER RESOLVED, that any actions taken by the Managing Member prior to the date of these resolutions that are within the authority conferred hereby are ratified, confirmed and approved as the act and deed of the Company;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the transactions contemplated by these resolutions to be consummated and performed in the manner provided therein and from time to time to do, or cause to be done, all such other acts or things, and to execute and deliver all such agreements, instruments, certificates and other documents, and to affix and attest thereto, or cause to be done affixed and attested thereto, the corporate seal of the Company as any Authorized Officer shall deem in its sole discretion desirable to carry out the purposes and intents of any of the foregoing resolutions; and

FURTHER RESOLVED, that the signing by any officer of the Company of any of the documents or instruments referred to in or contemplated by the foregoing resolutions or the taking by it of any actions to carry out the foregoing shall conclusively establish (i) such officer's authority to do so from the Company, (ii) such officer's determination of the propriety and the necessity, appropriateness or advisability of such documents or instruments and the actions contemplated thereby, and (iii) the approval and ratification by the Company of the documents and instruments so signed and the actions referred to therein or contemplated thereby.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, each of the undersigned has caused this Written Consent of the Managing Member to be duly executed as of the date set forth above.

**FIC RESTAURANTS, INC.**

By: _____

Name:     T. Todd Schwendenmann

Title:      Chief Financial Officer, Treasurer and
            Secretary

*[Signature Page to Written Consent of the Managing Member of Friendly's Restaurants, LLC]*

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2"><strong>Debtor name:</strong> FIC Restaurants, Inc., et al.</td></tr>
<tr><td colspan="2"><strong>United States Bankruptcy Court for the:</strong> District of Delaware</td></tr>
<tr><td colspan="2"><strong>Case number (if known):</strong> 20-_____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Consolidated)    12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US FOODS INC 9399 W HIGGINS RD STE 500 ROSEMONT IL 60018 | Brad K Fisher - VP National Sales & Service brad.fisher@usfoods.com Tel: (847) 720-2476 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $502,719.13 |
| 2 | ENGIE INSIGHT SERVICES INC 1313 N ATLANTIC ST STE 5000 SPOKANE WA 99201-2330 | Tim Clark - Client Service Director Tim.clark@engie.com Tel: (207) 242-3360 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $228,710.75 |
| 3 | SMS ASSIST LLC 28389 NETWORK PL CHICAGO IL 60673-1283 | accounting@smsassist.com Tel: (312) 698-7000 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $32,137.09 |
| 4 | LEVIN MANAGEMENT CORPORATION PO BOX 326 PLAINFIELD NJ 07061-0326 | John Vessie jvessie@levinmgt.com. Tel: (800) 488-0768, ext. 277 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $11,375.00 |
| 5 | QUALITY RETAIL SYSTEM INC 1531 NY RT 67 SCHAGHTICOKE NY 12154 | Tel: (518) 753-4500 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $6,056.11 |
| 6 | URBAN EDGE PROPERTIES LP 210 ROUTE 4 EAST PARAMUS NJ 07652 | Andrea L. Alexander - Associate General Counsel alexander@uedge.com Tel: (201) 571 3597 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $4,789.71 |
| 7 | MILELLI MORRIS PLAINS LLC 51 HARTER RD MORRISTOWN NJ 07690 | Joseph Milelli Jr. - Manager Tel: (973) 539-4340 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $3,302.24 |

Debtor  **FIC Restaurants, Inc., et al.**                              Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | ST JOHN NEUMANN CHURCH 708 MILFORD RD 101A MERRIMACK NH 03054 | Father Christopher Martel office@sjnnh.org Tel: (603) 880-4689 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $2,700.00 |
| 9 | DISCOVER FINANCIAL SERVICES 2500 Lake Cook Road RIVERWOODS IL 60015 | Wanji Walcott - VP and General Counsel | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $2,400.00 |
| 10 | WIND RIVER ENVIRONMENTAL LLC PO BOX 22074 NEW YORK NY 10087-2074 | | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $2,245.42 |
| 11 | GANESH HOSPITALITY LLC ECONO LODGE 251 GREENMANVILLE AVE MYSTIC CT 06355 | | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $1,331.71 |
| 12 | IRON MOUNTAIN RECORDS PO BOX 27128 NEW YORK NY 10087-7128 | Greer Aviv, SVP Greer.Aviv@ironmountain.com Tel: (617) 535-2887 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $1,265.35 |
| 13 | THE ADT SECURITY CORPORATION PO BOX 872987 KANSAS CITY MO 64187-2987 | Jeff Likosar, Chief Financial Officer | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $1,170.11 |
| 14 | ABDELMAJID SLASSI Address Intentionally Omitted | ABDELMAJID SLASSI aslassi@hotmail.com | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $1,147.28 |
| 15 | MYRTLE BEACH FARMS COMPANY INC PO BOX 7277 MYRTLE BEACH SC 29572 | Tel: (843) 448-5123 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $1,045.00 |
| 16 | CORY FAIRFIELD Address Intentionally Omitted | CORY FAIRFIELD | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $996.29 |
| 17 | MATTHEW DOXSEY Address Intentionally Omitted | MATTHEW DOXSEY | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $912.74 |
| 18 | CHRISTOPHER LITTLE Address Intentionally Omitted | CHRISTOPHER LITTLE cjlittle@gholycross.edu | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $904.15 |

Debtor    **FIC Restaurants, Inc., et al.**    Case number *(if known)* **20-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  PERUSE SOFTWARE INC 436 AMHERST ST STE 222 NASHUA NH 03063 | Tel: (603) 626-0016 | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $882.00 |
| 20  ROBERT STRACHKO Address Intentionally Omitted | ROBERT STRACHKO | Trade Accounts Payable | ☐ C ☐ U ☐ D | | | $846.82 |
| 21  NICOLE WHITING Address Intentionally Omitted | NICOLE WHITING | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $816.41 |
| 22  JARRAD A BURNS Address Intentionally Omitted | JARRAD A BURNS | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $808.28 |
| 23  BRANDON MOURER Address Intentionally Omitted | BRANDON MOURER | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $779.60 |
| 24  ADAM BRADY Address Intentionally Omitted | ADAM BRADY | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $759.69 |
| 25  ANDREW HARTNETT Address Intentionally Omitted | ANDREW HARTNETT | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $746.72 |
| 26  JOSEPH OTTO Address Intentionally Omitted | JOSEPH OTTO | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $692.67 |
| 27  DENNIS WILLIAMS Address Intentionally Omitted | DENNIS WILLIAMS dwill7282@gmail.com | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $683.44 |
| 28  KRISTEN YOUNG Address Intentionally Omitted | KRISTEN YOUNG | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $667.78 |
| 29  TRENTEN TORRES Address Intentionally Omitted | TRENTEN TORRES | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $664.39 |
| 30  ZACHARY BERNSTEIN Address Intentionally Omitted | ZACHARY BERNSTEIN | Unclaimed Payroll | ☐ C ☐ U ☐ D | | | $660.42 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIC RESTAURANTS, INC., *et al.*,[1] | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

### CONSOLIDATED CORPORATE OWNERSHIP
### STATEMENT PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, attached hereto as <u>Exhibit A</u> is an organizational chart reflecting all of the ownership interests in FIC Restaurants, Inc. ("<u>FIC</u>") and its affiliated debtors in the above-captioned chapter 11 cases as debtors and debtors in possession (collectively, the "<u>Debtors</u>"). The Debtors respectfully represent as follows:

1.      Sundae Group Holdings I, LLC directly owns 100% of the equity or membership interests, as applicable, in Neapolitan Group Holdings, LLC ("<u>Neapolitan</u>").

2.      Neapolitan directly owns 100% of the equity or membership interests, as applicable, in FIC Holdings, LLC ("<u>FIC Holdings</u>").

3.      FIC Holdings directly owns 100% of the equity or membership interests, as applicable, in FIC.

4.      FIC directly owns 100% of the equity or membership interests, as applicable, in Friendly's Restaurants, LLC and Friendly's Franchising, LLC.

---

[1] The Debtors in these chapter 11 cases, their jurisdictions of organization, and the last four digits of their U.S. taxpayer identification numbers are:  (1) FIC Restaurants, Inc., a Massachusetts corporation (1388) ("<u>FIC</u>"); (2) FIC Holdings, LLC, a Delaware limited liability company (0204) ("<u>FIC Holdings</u>"); (3) Neapolitan Group Holdings, LLC, a Delaware limited liability company (7922) ("<u>Neapolitan</u>"); (4) Friendly's Restaurants, LLC, a Delaware limited liability company (0696) ("<u>Friendly's</u>"); and (5) Friendly's Franchising, LLC, a Delaware limited liability company (4364) ("<u>Franchising</u>").  The Debtors' corporate headquarters is located at 1855 Boston Road, Suite 300, Wilbraham, MA  01095.

## EXHIBIT A

## Organizational Chart



KEY:
**(US-P) Partnership**
**(US-C) Corporation**
**(US-DRE) Disregarded Entity**
**Debtors – Clear Shapes**
**Secured Lenders – Yellow Triangles**
**Equityholder of Top Tier Debtor – Orange Oval**

Note 1: Secured line between FIC Restaurants, Inc. (Borrower) and Sun Ice Cream Finance II, LP (Lender).  FIC Holdings, LLC, Friendly's Restaurants, LLC and Friendly's Franchising, LLC are guarantors.

Note 2:  Secured loan facility between FIC Restaurants, Inc. (Borrower) and Sun Ice Cream Finance II, LP (Lender).  FIC Holdings, LLC, Friendly's Restaurants, LLC and Friendly's Franchising, LLC are guarantors.

Note 3:  Secured loan facility between FIC Holdings, LLC (Borrower) and Sun Ice Cream Finance, LP (Lender). FIC Restaurants, Inc., Friendly's Restaurants, LLC and Friendly's Franchising, LLC are guarantors.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FRIENDLY'S RESTAURANTS, LLC | ) Case No. 20-_____  (___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**

Following is the list of the Debtor's equity security holders, which is prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| DEBTOR | NAME AND ADDRESS OF EQUITY HOLDER | PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Friendly's Restaurants, LLC | FIC Restaurants, Inc. 1855 Boston Road, Suite 300 Wilbraham, MA 01095 | 100% |

---

Fill in this information to identify the case and this filing:

Debtor Name __Friendly's Restaurants, LLC__

United States Bankruptcy Court for the: _____    District of __Delaware__
(State)

Case number (*If known*): _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration  __Consolidated Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __11/01/2020__                    ✗ _____
MM / DD / YYYY                                   Signature of individual signing on behalf of debtor

__T. Todd Schwendenmann__
Printed name

__Chief Financial Officer, Treasurer and Secretary__
Position or relationship to debtor